# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60264
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 8, 2020

Lyle W. Cayce
Clerk

LEVY SAUL SAMAYOA-MONTUFAR,

Petitioner

v.

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A077 742 588

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Levy Saul Samayoa-Montufar, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals (BIA) denying his motion to reopen. Relying on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), Samayoa-Montufar argues that the immigration court lacked jurisdiction because his Notice to Appear (NTA) was defective in that it omitted the time and date for his removal hearing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60264

We rejected the same jurisdiction argument in *Pierre-Paul v. Barr*, 930 F.3d 684 (5th Cir. 2019), *petition for cert. filed* (U.S. Dec. 12, 2019) (No. 19-779).  The NTA here specified the nature of the proceedings, the legal authority for the proceedings, and a warning regarding in absentia removal and, thus, was not defective.  *See id.* at 689-90.  Moreover, even if an NTA lacking a time and date for the removal hearing were defective pursuant to *Pereira*, the defect may be cured by a subsequent notice that includes the time and date of the hearing, which was provided here.  *See id.* at 690-91.  The BIA did not abuse its discretion in denying Samayoa-Montufar's motion.  *See id.* at 689; *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005).

Finally, Samayoa-Montufar attempts to challenge the December 23, 2015 denial of his motion to reopen by the BIA by disputing its characterization of an attorney error.  We do not have jurisdiction to consider that argument because he did not file a petition for review within the 30-day deadline for seeking review.  *See* 8 U.S.C. § 1252(b)(1); *Bright v. Holder*, 649 F.3d 397, 399 n.1 (5th Cir. 2011).

The petition for review is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.